# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWIN VALLADARES-FERNANDEZ,

    Defendant.

Case No. 2:13-cr-0424-LDG (VCF)

**ORDER**

The defendant, Edwin Valladares-Fernandez, sent a letter to this Court which has been docketed as a Motion to Review Sentence, and which the Court has considered as a Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 47). The United States opposes the motion (ECF no. 49). The Court will deny the motion.

Valladares-Fernandez pled guilty to being a deported alien found unlawfully in the United States in violation of 8 U.S.C. § 1326. In determining Valladares-Fernandez' sentence, the Court imposed an enhancement pursuant to §2L1.2(b)(1)(A)(ii) because he had previously been deported after sustaining a felony conviction for a crime of violence. Critically, Valladares-Fernandez was sentenced pursuant to the advisory Sentencing Guidelines in effect on the date of his sentencing.

To the extent Valladares-Fernandez argues that his prior felony conviction no longer qualifies as a crime of violence pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), his argument is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Johnson*, the Supreme Court held that the vagueness of the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) (ACCA), violated the Constitution's Due Process Class. 135 S.Ct. at 2557, 2563. However, Valladares-Fernandez was sentenced pursuant to advisory Sentencing Guidelines. In *Beckles*, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause . . .." *Id.* at 892.

To the extent Valladares-Fernandez argues that, at the time of his sentencing, his prior felony conviction did not qualify as a crime of violence pursuant to the Supreme Court's decision in *Johnson v. United States*, 130 S.Ct. 1265 (2010), any such claim is untimely. Relief sought pursuant to §2255 must generally be brought within one year of the date on which the judgment became final. The Court received Valladares-Fernandez' letter more than one year after his conviction became final. Further, Valladares-Fernandez has defaulted on such claim. "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Valladares-Fernandez has neither shown cause nor prejudice.

Accordingly, having construed Valladares-Fernandez' letter as seeking relief pursuant to 28 U.S.C. §2255, the Court must deny the motion.

Certificate of Appealability

To appeal this order, Valladares-Fernandez must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional

right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted). This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc). In the present matter, the Supreme Court's decision in *Beckles* is dispositive and precludes this Court from finding that reasonable jurists could debate whether (or, for that matter, agree that) Valladares-Fernandez can challenge his sentence pursuant to *Johnson*. In addition, the Court is precluded from finding that reasonable jurists could debate whether he timely filed his challenge to his sentence or that he has not defaulted on his challenge. Accordingly, the Court will not grant a certificate of appealability.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendant Edwin Valladares-Fernandez' Motion for Appointment of Counsel (ECF No. 46) is DENIED.

THE COURT FURTHER **ORDERS** that Defendant Edwin Valladares-Fernandez' Letter, which the Court has docketed as a Motion to Review Sentence and construed as a Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 47) is DENIED.

THE COURT FURTHER **ORDERS** that it will not grant a certificate of appealibility.

DATED this 31 day of January, 2020.

Lloyd D. George
United States District Judge

3